ANDRÉ BIROTTE, JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA, CSB # 274184
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-3391
   Facsimile: (213) 894-7177
   E-mail: john.kucera@usdoj.gov          JS 6

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  vs.<br><br>$627,350.76 SEIZED FROM WELLS FARGO BANK ACCOUNT ***0712<br><br>       Defendant.<br>NELLY'S PRODUCE, INC.,<br>       Claimant. | NO. CV 12-0508-DSF (JEMx)<br><br>**[PROPOSED]**<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

    This action was filed on January 19, 2012. Notice was given and published in accordance with law. Claimant, Nelly's Produce, Inc. ("Claimant"), the corporation from which bank account defendant $627,350.76 in U.S. funds ("Defendant Funds") was seized,

CONSENT JUDGMENT OF FORFEITURE

1. filed a timely claim for return of the Defendant Funds. No other claims were filed, and the time for filing claims has expired. Claimant denies any wrongdoing, and has denied the material allegations of the Complaint, except for jurisdiction.

   Plaintiff and Claimant have reached an agreement that is dispositive of the entire action. They stipulate and request that the Court enter this Consent Judgment of Forfeiture, which they have approved as to form and substance.

   The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

   IT IS ORDERED, ADJUDGED AND DECREED THAT:

   1. This Court has jurisdiction over Plaintiff, the Defendant Funds, Claimant and the subject matter of this action.

   2. Notice of this action has been given in accordance with law. All potential claimants to the Defendant Funds other than Claimant's are deemed to have admitted the allegations of the Complaint. The allegations set forth in the Complaint are sufficient to establish a basis for forfeiture.

   3. The Department of the Treasury shall calculate the amount of interest (actual or constructive) earned on the Defendant Funds through the date of disbursement pursuant to this Consent Judgment. The United States of America shall have judgment as to $313,675.38 of the Defendant Funds plus any interest earned thereon. No other person or entity shall have any right, title or interest in the funds awarded to the United States. The Department of Treasury is ordered to dispose of said assets in accordance with law.

   //

4. The remainder of the Defendant Funds (i.e., $313,675.38) plus any interest earned thereon (hereafter, "Remainder Funds") shall be paid to the client trust account ("IOLTA") maintained by Claimant's attorney, Roger Alan Grad of Snell & Wilmer, L.L.P., promptly after entry of this judgment. Claimant and its counsel shall provide, in writing, the information necessary for the government to make the payment called for herein by electronic funds or wire transfer in accordance with federal law.

5. Following receipt of the Remainder Funds, Claimant's attorney shall promptly apply the Remainder Funds to Claimant's 2009 and 2010 federal and California State tax liabilities. The order of priority by which the Remainder Funds shall be applied is as follows: First, $91,881.95 shall be applied to 2009 federal tax liabilities; second, $194,155.20 shall be applied to 2010 federal tax liabilities; third, $24,000.00 shall be applied to 2009 California State tax liabilities; and fourth, the remaining balance of the Remainder Funds shall be applied to 2010 California State tax liabilities. The amounts listed above that are to be applied to federal and California State tax liabilities represent Claimant's independent assessment of its tax liabilities. Nothing in this Order may be used to suggest or purport any final determination of any tax liabilities by any federal or California State taxing entity.

6. Following the application of the Remainder Funds to 2009 and 2010 federal and California State taxes, should any amount of the Remainder Funds remain in the IOLTA, Claimant's attorney shall promptly direct the full balance of the Remainder Funds back to the United States Department of Treasury. Any funds so returned shall

1  be forfeited to the United States in their entirety, and no other
2  right, title or interest shall exist therein. Said funds shall be
3  disposed of according to law. In no case shall any portion of the
4  Remainder Funds be returned to Claimant.
5      7.   The United States of America, its agencies, agents, and
6  officers, including employees and agents of the Internal Revenue
7  Service and local or state law enforcement officers cross-
8  designated as agents of the United States, are released from any
9  and all claims, actions or liabilities arising out of or related to
10 this action, including, without limitation, any claim for
11 attorney's fees, costs or interest that may be asserted on behalf
12 of Claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.
13     8.   The Court finds that there was reasonable cause for the
14 seizure of the Defendant Funds and institution of these
15 proceedings. This judgment shall be construed as a certificate of
16 reasonable cause pursuant to 28 U.S.C. § 2465.

Dated:    12/6/12          _____
                           THE HONORABLE DALE S. FISCHER
                           UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above judgment and waive any right of appeal.

Dated: December 4, 2012.

ANDRÉ BIROTTE, JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

By
_____/s/_____
John J. Kucera
Assistant United States Attorney
Attorneys for Plaintiff,
UNITED STATES OF AMERICA

Dated: December 3, 2012.

Snell & Wilmer, L.L.P.

By
_____/s/_____
Roger Alan Grad
Attorney for Claimant,
Nelly's Produce, Inc.

Dated: December 3, 2012.

Clark & Trevithick, P.C.

By
_____/s/_____
Eric L. Dobberteen
Attorney for Claimant,
Nelly's Produce, Inc.